[Crim. No. 4840. Second Dist., Div. Three. Oct. 30, 1952.]

THE PEOPLE, Respondent, v. MILLARD BROWN, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant appeals from a judgment entered upon a verdict convicting him of forcible rape, and from an order denying his motion for a new trial. He admitted to the arresting officers and as a witness an act of intercourse, but steadfastly insisted it was with the consent of the prosecutrix. He does not question the sufficiency of the evidence to justify the verdict. It is therefore unnecessary to relate the evidence of the circumstances of the offense.

Defendant's principal contention is that the deputy district attorney was guilty of prejudicial misconduct in the cross-examination of defendant's witness, a physician.

The prosecutrix was 23 years of age and unmarried. The day following the commission of the offense she was examined by a physician who testified for the People as to her injuries. Upon cross-examination he testified that in his opinion she had recently lost her virginity and also that he found gonococci cells in sufficient number to indicate an infection. Defendant called a physician who testified he had examined defendant three days after the date of the offense and that the results were "negative for any gonococcus." Defendant had sought the examination because he had heard that he had been accused of transmitting an infection. Upon cross-examination the doctor testified that if defendant had had sexual intercourse with an infected female he would not necessarily have become infected. He was asked: "And isn't it possible, Doctor, that he might have had gonorrhea at the time he had intercourse with the female a few days before and it not show up in your test on the 5th of November?" to which he answered, "No." He was then asked: "Well, now, Doctor, isn't it a fact that if a man who has gonorrhea takes one or two shots, if I might use that expression, of penicillin just before the examination, wouldn't that show negative in your test?" to which he answered, "Yes, it would. I have no evidence that he did, though." Further cross-examination and redirect examination developed opinions of the witness that the administration of penicillin would normally destroy the evidence of infection in about six hours, but that there are individuals who are resistant to penicillin upon whom it would not have that effect. The doctor testified further in answer to a question by the prosecutor that as a general rule a test taken a few hours after the administration of penicillin would be negative. The question was repeated in substantially the same form and was objected to upon the ground that it had

been asked and answered. The objection was overruled and the witness answered: "Yes . . . I said generally, yes."

The claim of misconduct consists of the asking of the foregoing questions by the prosecutor when there was no evidence that defendant had been given penicillin.

It should be borne in mind that defendant introduced the entire issue. First he brought out on cross-examination of the physician who examined prosecutrix the opinion that until a short time before his examination she had been a virgin, and by further cross-examination he elicited the opinion that she was suffering from an infection. His theory was that the infection would invariably, or usually, be transmitted by physical contact, that he was not suffering from an infection, that he could not have transmitted it and that its existence in prosecutrix was necessarily due to some previous act of intercourse, a fact which, if proved, would be properly considered with her testimony that she did not consent. Any evidence which tended to disprove that the absence of an infection at the time he was examined established the fact that the prosecutrix was unchaste was relevant and material. Testimony that penicillin would ordinarily remove evidence of an infection within a few hours was relevant. If the questions propounded to the physician by the prosecutor were objectionable it would have been on the ground that they invaded the field of speculation in the absence of evidence that penicillin had been administered. There was no objection on that ground. The only objection was on the ground of repetition. No motion was made to strike the answers. There was no assignment of misconduct in asking the questions and no request for an admonition that the jury disregard the questions and answers. Even if some valid ground of objection could have been stated none was stated, and error cannot be claimed for the first time on appeal. It is obvious also that there is no basis for the claim of misconduct.

 The People introduced testimony of a police officer as to an interview with the prosecutrix and defendant in the presence of a sister of prosecutrix and another officer. In this interview prosecutrix, in the presence of the defendant, related her story in great detail, at the conclusion of which defendant said, in answer to a question by the officer whether it was true, "Well, in truth and in substance it is the same—some of it is different." The testimony was given without objection and there was no motion to strike all or any part of it. There was no assignment of misconduct. There is no merit

in the claim of error and misconduct in the receipt of this testimony.

In support of his motion for a new trial defendant filed two affidavits. One was by an agent of a surety company to the effect that defendant was released from jail three or four hours before he was examined by his physician. A witness for the People had testified that he was released about 11 or 11:30 o'clock a.m., and defendant had testified that he was released about 3 o'clock. This evidence was directed to the inquiry whether defendant was released in time to have taken penicillin five or six hours before his examination. In another affidavit a night watchman averred that he was in the near vicinity of the scene of the offense and that he had not heard a woman scream or heard an automobile horn blown. Evidence of these facts would have been contradictory of testimony of the prosecutrix, although defendant, himself, had testified to the blowing of the horn.

There was no error in denying the motion for a new trial. The evidence would have been cumulative and there was no showing that it was newly discovered. Denial of the motion for a new trial was not an abuse of discretion. (*People* v. *Byrne,* 160 Cal. 217 [116 P. 521].)

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.